NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO ZACARIAS GONZALEZ; ANDRE YOVANY ZACARIAS MONTEJO, AKA Andres Yovany Zacarias Montejo, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72267 <br><br> Agency Nos. A076-705-379 <br> A208-178-545 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,*** District Judge.

Petitioners Antonio Zacarias Gonzalez ("Zacarias Gonzalez") and his son,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

Andre Yovany Zacarias Montejo ("Zacarias Montejo") petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss the petition.

We have jurisdiction to review an appeal from the BIA only if an alien "has exhausted all administrative remedies available to the alien as of right …." 8 U.S.C. § 1252(d)(1). Failure to raise an issue before the BIA constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). Similarly, issues not raised and substantively addressed in a party's opening brief before this court are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Turning first to Petitioners' applications for asylum and withholding of removal, Petitioners failed to exhaust and have otherwise waived any argument concerning two dispositive agency findings, namely, that Petitioners failed to prove that Guatemalan authorities were unable or unwilling to protect them and that internal relocation was not feasible. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020); *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (citing 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3)(i)). Petitioners failed to challenge either finding in their notice of appeal or appeal brief to the BIA. Petitioners' opening brief

to this court is likewise deficient. As a result, we lack jurisdiction to consider, and Petitioners have otherwise waived, any challenge to the above-noted findings. *See Figueroa*, 543 F.3d at 492; *Martinez-Serrano*, 94 F.3d at 1259.

Regarding Petitioners' applications for CAT protection, Petitioners failed to challenge the Immigration Judge's denial of their applications in both their notice of appeal and appeal brief to the BIA. Likewise, Petitioners failed to challenge the denial in their opening brief to this court. We thus lack jurisdiction to consider, and Petitioners have otherwise waived, any challenge to the denial. *See Figueroa*, 543 F.3d at 492; *Martinez-Serrano*, 94 F.3d at 1259.

**PETITION DISMISSED**.